IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAREN KLINE,

    Plaintiff,

vs.                                                                                    Civ. No. 00-495 JC/WWD

CITY OF SANTA FE, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court on the Motion for Clarification of Memorandum Opinion and Order [docket no. 79] filed by Plaintiff on January 16, 2001. The order sought to be clarified is a Memorandum Opinion and Order I entered on January 4, 2001. In their response to the motion, Defendants allege that Plaintiff failed to seek their concurrence with respect to the instant motion in violation of Fed. R. Civ. P. 37(a)(2)(A) and D.N.M. LR-Civ. 7.4(a). Defendants additionally claim that the motion should be denied because Plaintiff failed to file a memorandum in support of her motion as required by D.N.M. LR-Civ. 7.5(a), and that this failure constitutes a consent to deny the motion under D.N.M. LR-Civ. 7.5(b).

*<u>Discussion</u>*

       The instant motion failed to comply with D.N.M. LR-Civ. 7.5(a) in that no memorandum in support was filed with the motion. The motion questioned a Memorandum Opinion and Order entered January 4, 2001, which extended the discovery deadline until February 28, 2001; and,

which directed that the Defendants notify the Court when certain responses were made by the Plaintiff. Plaintiff's Motion for Clarification contained the following language, to wit:

> Questions: didn't Plaintiff have until 12/21/00 to complete her responses as per 12/6/00 Order, and, with deadline extended to February 28, are medical test results obtained prior to that date eligible to be included in production.

Notwithstanding the deficiencies in Plaintiff's motion, I will attempt to answer the questions posed by the motion. First of all, under my order of December 6, 2000, Plaintiff was required to produce the materials sought in requests 1-13 in Defendants' first set of requests for production. Secondly, medical test results which she obtained prior to the discovery cutoff date of February 28, 2001, should be sent to Defendants as a supplement to the production required by December 21, 2000. Having made what I hope is an explanation of the questions raised by Plaintiff, I will not belabor the technical deficiencies of the motion pointed out by defense counsel.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Clarification of Memorandum Opinion and Order [docket no. 79] is GRANTED.

_____
UNITED STATES MAGISTRATE JUDGE

-2-